IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Action No. 5:07CR40

ROOSEVELT SIMMONS,

    Defendant.

**REPORT AND RECOMMENDATION THAT DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE BE DENIED**

I. Background

Defendant is the only Defendant in a one count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1).

II. The Motion

Defendant's Motion to Suppress Evidence.[1]

III. Findings of Fact

Testimony was taken from Wheeling, West Virginia, Police Department Detective Frank Kuca and Bellaire, Ohio, Police Department Officer Ben Heslep.

Shortly after noon on November 14, 2007, the Wheeling, West Virginia, Police Department received a telephone call about discharge of a firearm at North Park Apartments. Detective Kuca went to the scene and sketched the scene, took measurements and photographs. Two uniformed officers took statements from witnesses. One witness, Gooch, stated he saw a gun in Defendant's hand shortly before the shots were fired. Area law enforcement agencies were notified Wheeling Police were looking for Defendant in a specific automobile in which Defendant fled the scene.

---

[1] Doc. No. 20.

Kuca returned from the scene to Wheeling Police headquarters. Not long thereafter, officer Heslep, after hearing a radio message from the neighboring Martins Ferry, Ohio, Police Department, was alerted that Wheeling, West Virginia, authorities were looking for Defendant in a specific motor vehicle. Heslep knew Defendant from a previous "domestic" call in Bellaire. Heslep saw the Defendant with Defendant driving. Heslep stopped the vehicle and had Defendant get out. Defendant was held until Wheeling police officers could bring the witness to identify Defendant as the person seen holding a firearm shortly before a firearm was discharged. The witness identified the Defendant. Heslep arrested Defendant. While at the scene of the stop, Defendant made his first request to go to the bathroom. Heslep wanted to get Defendant to headquarters for a gun shot residue test (GSR) before Defendant could wash his hands and destroy evidence. After a tow truck came to tow the car, Heslep took Defendant back to the Bellaire, Ohio, Police Department and placed Defendant in the interview room.

Kuca went to Bellaire Police Headquarters after he was notified Defendant was in custody. Kuca met Heslep and Defendant in the interview room. Kuca asked Defendant if Defendant would agree to an interview. Defendant refused. Defendant repeated his request to use the bathroom. Heslep kept Defendant handcuffed with Defendant's hands behind his back until Heslep could administer the GSR. Heslep put on gloves and administered the GSR which comes in a prepackaged test kit by putting the test apparatus in several places on the back of Defendant's hands. Afterwards Heslep took Defendant to the bathroom down the hall.

IV. The Motion to Suppress

A. Contentions of the Parties.

Defendant contends that the swabbing Defendant's hands for the gunshot residue test "GSR" without first obtaining a search warrant was a violation of the Defendant's rights under the Fourth Amendment to the United States Constitution. Specifically, Defendant contends no exigent circumstances existed which would meet the limited exceptions to the Fourth Amendment which allow warrantless searches. Therefore all items seized from Defendant's person and the results of the GSR should be suppressed.

The Government contends the search was incident to a lawful arrest and that exigent circumstances, the potential for destruction of evidence, required a warrantless search.

B. Discussion.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. Amend. IV. Warrantless searches are per se unreasonable subject to a few specific exceptions. Katz v. United States, 389 U.S. 347, 357 (1967).

It is a lawful warrantless arrest where there is probable cause to believe a felony has been committed by a person who has been arrested based upon the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230-31 (1983). If there is probable cause for the warrantless felony arrest, then the search incident to the arrest is a recognized exception to the warrant requirement. Michigan v. DeFillippo, 443 U.S. 31, 35 (1979).

Another exception to the warrant requirement is when probable cause to search exists and officers reasonably believe that evidence may be destroyed before a search warrant can be obtained. *Mincey v. Arizona*, 437 U.S. 385, 392-94 (1978). The appropriate inquiry is whether an

3

objective officer reasonably believes evidence may be destroyed. United States v. Grissett, 925 F.2d 776, 778 (4th Cir. 1991).

In this case, there was a person who identified Defendant as the person in the apartment building who was possessing a firearm. While the witness did not see the Defendant discharge the firearm, there was clearly probable cause that a felony (wanton endangerment) had been committed. There was clearly probable cause for the warrantless arrest of Defendant.

In addition, the GSR test is to reveal whether evidence of gunshot residue is present on a Defendant's person. This evidence can be removed by washing of hands. The intrusion on Defendant to swab his hands with a cloth to perform the test is minimal. If Defendant had been permitted to go to the bathroom as he had requested, while the officers sought a search warrant, he could have washed his hands and destroyed any evidence of gunshot residue.

There was probable cause for a warrantless arrest of a suspected felon. Exigent circumstances existed that required the officers to administer the GSR test without waiting for a search warrant to be obtained.

V. Recommendation

For the foregoing reasons, I recommend the Motion to Suppress be **DENIED**.

Because trial is imminent, any party who appears pro se and any counsel of record, as applicable, may, within five (5) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   February 8, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE