IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Civil Action No. 5:07CR40
                                            (STAMP)

ROOSEVELT SIMMONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On December 4, 2007, the defendant, Roosevelt Simmons, was named in a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). The defendant filed a motion to suppress the results of a gunshot residue ("GSR") test performed by police when he was arrested. The government filed a response in opposition. United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on this matter. On February 2, 2008, the magistrate judge entered a report recommending that the defendant's motion to suppress evidence be denied. The defendant did not object to the report and recommendation.

II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant did not file objections, this Court reviews the report and recommendation for clear error.

### III. Discussion

The defendant contends in his motion to suppress that because the GSR test was conducted without a search warrant it violated his rights under the Fourth Amendment of the United States Constitution. The government responds that the search was incident to a lawful arrest and that exigent circumstances – the potential for destruction of evidence – required a warrantless search.

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to few specifically established and well-delineated exceptions.'" Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). One such exception to the warrant requirement exists when there is probable cause to search and officers reasonably believe that evidence may be destroyed before a search warrant can be obtained. See Chimel v. California, 395 U.S. 752, 763 (1969)(incident to arrest, "it is entirely reasonable for the arresting officer to search for and

seize any evidence on the arrestee's person in order to prevent its concealment or destruction").

In this case, the magistrate judge found that the police had probable cause to arrest the defendant. The magistrate judge further found that, because of the destructibility of gunshot residue, exigent circumstances existed that permitted the officers to administer the GSR test without waiting for a search warrant to be obtained. These findings are not clearly erroneous.

## V. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to suppress evidence[1] is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   April 3, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Document No. 20.