IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Criminal Action: 5:07-cr-40

ROOSEVELT SIMMONS,

        Defendant.

**REPORT AND RECOMMENDATION
THAT MOTION TO SUPPRESS EVIDENCE OF ALLEGED THREATS OF RETALIATION, TO SUPPRESS OUT-OF-COURT IDENTIFICATION AND IN-COURT IDENTIFICATION, TO SUPPRESS DEFENDANT'S CORRESPONDENCE, AND AMENDED MOTION TO SUPPRESS OUT-OF-COURT IDENTIFICATION AND IN-COURT IDENTIFICATION BE DENIED.**

## I. INTRODUCTION

**A.    Background**

Defendant is the only defendant named in a one count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

**B.    Motions**

On March 13, 2008, Defendant filed a Motion to Suppress Evidence of Alleged Threats of Retaliation.[1] The Government responded to Defendant's Motion on March 18, 2008.[2] On March 24, 2008, Defendant filed a Motion to Suppress Out-of-Court Identification and In-Court

---

[1] Docket No. 43.

[2] Docket No. 49.

1

Identification, and a Motion to Suppress Defendant's Correspondence.[3]  The Government filed its response to Defendant's Motions on March 25[4] and 26,[5] 2008.  On March 26, 2008, Defendant filed an Amended Motion to Suppress Out-of-Court Identification and In-Court Identification.[6]

**C.     Recommendations**

Based upon a review of the record, the undersigned recommends:

1.  Defendant's Motion to Suppress Evidence of Alleged Threats of Retaliation be **DENIED** because the Government represents it does not intend to offer the recording or a transcription of the recording at trial, rendering that portion of Defendant's Motion moot.

To the extent the Motion seeks a ruling on whether the officers are competent to testify as to what Defendant said in their presence November 3, 2007 or any other day, or whether such testimony is relevant, I decline to rule because those matters are questions of evidence for the trial court.

2. Defendant's Motion and Amended Motion  to Suppress Out-of-court Identification be **DENIED** because Defendant has not met his burden of first showing the identification was impermissibly suggestive.

I decline to rule on any in-court identification because that is a question of evidence for the trial court.

---

[3] Docket No. 52.

[4] Docket No. 54.

[5] Docket No. 55.

[6] Docket No. 56.

3. Defendant's Motion to Suppress Defendant's Correspondence be **<u>DENIED</u>** because Defendant has no standing to seek to suppress correspondence he delivered to a third person which was not seized by the Government but acquired by the act of a private individual. Additionally, the letters are not protected by the marital privilege doctrine.

## II. <u>FACTS</u>

No testimony or other evidence was offered in support or opposition to any of Defendant's Motions.

## III. <u>MOTION TO SUPPRESS EVIDENCE OF ALLEGED THREATS OF RETALIATION</u>.

**A.** <u>**Contention of the Parties and Analysis**</u>

Defendant contends that on November 3, 2007, Wheeling police department officers, while investigating Defendant's complaint that his apartment had been burglarized, recorded on a cruiser video recording his complaints and his alleged threats of retaliation. The police report of the complaint states the interview was recorded and that Defendant uttered threats of retaliation at whoever burglarized his apartment. Defendant contends the audio recording is inaudible, indistinct, and filled with static, rendering it incomprehensible. He also contends the recording may contain exculpatory information which he cannot obtain. Defendant asserts he, therefore, cannot defend against any testimony that alleges he made threats of retaliation. Finally, Defendant contends that any information in the recording is not relevant to the offense charged in the indictment.

The Government did not file a written response to the Motion but explained at the Motions Hearing that the CD Defendant refers to contains the audio portion of the cruiser video

3

recording of when police were called by Defendant on November 3, 2007 to investigate the burglary of Defendant's apartment. November 3, 2007 was the day before the incident which led to this indictment. The Government contends the CD does contain a recorded threat of retaliation by Defendant against whomever burglarized his apartment. However, the Government represented to the Court at the end of the argument on this Motion that the audio quality of the recording is so poor that it would be impossible to make a transcription of the recording and that the Government did not intend to offer the recording at trial.

**B.	Recommendation**

I recommend the Motion to Suppress the recording of the alleged threats of retaliation be denied because the Government represents it does not intend to offer the recording or a transcription of the recording at trial, thereby rendering that portion of Defendant's motion moot.

To the extent the motion seeks a ruling on whether the officers are competent to testify as to what Defendant said in their presence November 3, 2007 or any other day, or whether such testimony is relevant, I decline to rule because those matters are questions of evidence for the trial court.

### IV. MOTION AND AMENDED MOTION TO SUPPRESS OUT-OF-COURT IDENTIFICATION AND IN-COURT IDENTIFICATION.

**A.	Contentions of the Parties**

Defendant contends the out-of-court identification of him by witness Richard Gooch on November 4, 2007 after his apprehension by the Bellaire, Ohio Police Department must be suppressed because it is so tainted as to require suppression. Further, Defendant contends that because the out-of-court identification is tainted and must be suppressed, any in-court identification must be prohibited.

The Government contends this Motion is precluded by a previous ruling of the court. The Government further contends the Motion fails to allege a constitutional violation. Finally, the Government contends even if the Motion is interpreted as alleging a Fourteenth Amendment violation, it is so lacking in merit it should be denied without a hearing.

**B.     Analysis**

The Due Process Clause protects a Defendant against a pretrial identification procedure that is impermissibly suggestive. Manson v Brathwaite, 432 U.S. 98 (1977). A defendant has the burden of first showing that the identification was impermissibly suggestive. Id. at 114.

Defendant has made no such showing here or even alleged a factual basis in his motion suggesting how the identification was impermissibly suggestive. Without this threshold showing, there can be no basis for Defendant's motion under Manson.

**C.     Recommendation**

I recommend Defendant's Motion and Amended Motion to Suppress Out-of-Court Identification be denied because Defendant has not met his burden of first showing the identification was impermissibly suggestive. I decline to rule on any in-court identification because that is a question of evidence for the trial court.

### V. MOTION TO SUPPRESS DEFENDANT'S CORRESPONDENCE

**A.     Contentions of the Parties**

Defendant contends the letters addressed to Nina Simmons and Nina Simmons Jr., aka Nina Speights - who counsel for Defendant asserts may be Defendant's wife but is the mother of his child - were confidential and intended for only the recipient. Defendant further contends the letters were delivered to law enforcement officers by Ms. Simmons without his consent and not

5

in response to a search warrant. Defendant contends the letters are subject to the marital privilege.

The Government contends Defendant and Ms. Simmons were not married; that neither West Virginia nor Ohio recognizes common law marriages; and that, therefore, the marital privilege exception does not apply. Further, the Government contends it was Ms. Simmons' prerogative whether to provide the letters to law enforcement officers.

**B.      Discussion**

A defendant has no standing to challenge the government's seizure of letters that were originally mailed by the defendant to his wife and later delivered by his wife to the government. United States v. King, 55 F.3d 1193, 1195 (6th Cir. 1995) [holding a sender's expectation of privacy in letters sent to another ordinarily terminates upon delivery, even if the sender instructed the recipient to keep the letters private]. Further, even if the defendant who sent the letters were to have standing, the letters should not be suppressed because they were acquired by the government through the act of a private individual, not an act of the government. Id., relying on United States v. Jacobsen, 466 U.S. 109, 114 (1984) [holding the Fourth Amendment protects against governmental action and does not apply to acts by a private individual not acting as an agent of the government].

Pursuant to King, Defendant does not have standing to challenge the Government's acquisition of the letters from Nina Simmons. Even if Defendant had standing to challenge the Government's acquisition of the letters, the letters should not be suppressed because the Government acquired the letters through the act of a private individual - Nina Simmons  - not an act of the government or governmental agent. See King, 55 F.3d at 1196.

Regarding Defendant's assertion the letters are protected by marital privilege, there is no evidence the marital privilege applies because there is no evidence Defendant and Ms. Simmons were married.  See United States v. Parker, 834 F.2d 408 (1987).

**C.      Recommendation**

I recommend the Motion to Suppress Defendant's Correspondence be denied because Defendant has no standing to seek to suppress correspondence he delivered to a third person and because the letters were not seized by the government but acquired by the act of a private individual.  Additionally, there is no evidence the letters are protected by the marital privilege doctrine.

## VI. RECOMMENDATIONS

Based upon a review of the record, the undersigned recommends:

1. Defendant's Motion to Suppress Evidence of Alleged Threats of Retaliation be **DENIED** because the Government represents it does not intend to offer the recording or a transcription of the recording at trial, rendering that portion of Defendant's Motion moot.

To the extent the Motion seeks a ruling on whether the officers are competent to testify as to what Defendant said in their presence November 3, 2007 or any other day, or whether such testimony is relevant, I decline to rule because those matters are questions of evidence for the trial court.

2. Defendant's Motion and Amended Motion to Suppress Out-of-court Identification be **DENIED** because Defendant has not met his burden of first showing the identification was impermissibly suggestive.

I decline to rule on any in-court identification because that is a question of evidence for

the trial court.

      3. Defendant's Motion to Suppress Defendant's Correspondence be **DENIED** because Defendant has no standing to seek to suppress correspondence he delivered to a third person which was not seized by the Government but acquired by the act of a private individual. Additionally, the letters are not protected by the marital privilege doctrine.

      Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Judge Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: April 29, 2008

                                    /s/ James E. Seibert
                                    JAMES E. SEIBERT
                                    UNITED STATES MAGISTRATE JUDGE