IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                             Criminal Action No. 5:07CR40
                                        (STAMP)
ROOSEVELT SIMMONS,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
THAT MOTION TO SUPPRESS EVIDENCE OF
ALLEGED THREATS OF RETALIATION, MOTION TO
SUPPRESS DEFENDANT'S CORRESPONDENCE, AND MOTION
AND AMENDED MOTION TO SUPPRESS OUT-OF-COURT
IDENTIFICATION BE DENIED AND
DEFERRING RULING ON MOTION TO
SUPPRESS IN-COURT IDENTIFICATION**

I. Procedural History

On December 4, 2007, the defendant, Roosevelt Simmons, was named in a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 13, 2008, the defendant filed a motion to suppress evidence of alleged threats of retaliation to which the government responded in opposition. On March 24, 2008, the defendant filed a motion to suppress out-of-court identification and in-court identification and a motion to suppress defendant's correspondence. The government responded in opposition to both motions. On March 26, 2008, the defendant filed an amended motion to suppress out-of-court identification and in-court identification.

United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on the pending motions to suppress. On April 29, 2008, the magistrate judge entered a report recommending that each of the defendant's motions to suppress evidence be denied. The defendant objects to the report and recommendation only with respect to the recommended ruling on the motion and amended motion to suppress out-of-court identification and in-court identification.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed objections, this Court will conduct a de novo review as to the portions of the report and recommendation to which the defendant objects.

## III. Discussion

As an initial matter, the defendant does not object to Magistrate Judge Seibert's recommendations as to his motion to suppress evidence of alleged threats of retaliation and his motion to suppress defendant's correspondence. Having reviewed those

recommendations, this Court does not believe that the recommendations are clearly erroneous.

Next, with respect to the magistrate judge's recommendation that the defendant's motion and amended motion to suppress out-of-court identification and in-court identification be denied, this Court undertakes a <u>de novo</u> review because the defendant has filed objections to the recommended disposition. A Bellaire police report, dated November 4, 2007, details the circumstances of the defendant's apprehension and identification. The report indicates that shortly after a shooting took place, Bellaire officers were notified that the Wheeling police department was looking for the defendant as an identified suspect to the shooting. The Bellaire officers located the defendant who was traveling in a vehicle near Jefferson Street, and the officers performed a stop on the vehicle. The defendant was placed in custody and the Wheeling police department was contacted. The Wheeling police responded to the scene and brought with them a witness to the shooting. The witness positively identified the defendant as the shooter in the incident.

The defendant contends that this out-of-court identification of him by a witness to the shooting must be suppressed. The defendant argues that the "show-up" method of identification used by the police was impermissibly suggestive and, if introduced at trial, would violate his rights pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The defendant also argues that because the out-of-court

identification was improper, any in-court identification of the defendant by the same out-of-court witness must also be prohibited. Magistrate Judge Seibert recommends that the defendant's motion to suppress the out-of-court identification be denied because the defendant failed to make a showing that the show-up identification was impermissibly suggestive. This Court finds that even if the show-up identification procedure was impermissibly suggestive, it is sufficiently reliable to survive a constitutional challenge.

An impermissibly suggestive and unreliable pretrial identification will violate a defendant's right to due process if introduced into a criminal proceeding. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Neil v. Biggers, 409 U.S. 188, 198 (1972). Thus, a defendant challenging a pre-trial identification must first show that the identification procedure was impermissibly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). If the defendant meets this burden, the court must determine "whether the identification was nevertheless reliable under the totality of the circumstances." Id.

In considering the totality of the circumstances, the Court must weigh the corrupting effect of a suggestive identification against the reliability of the identification. Manson, 432 U.S. at 114-15; Biggers, 409 U.S. at 198. Reliability is determined by (1) the opportunity the witness had to view the defendant, (2) the witness's degree of attention, (3) the accuracy of the defendant's prior description, (4) the level of the witness's certainty, and

(5) the length of time between the crime and the confrontation. Manson, 432 U.S. at 114-15.

In his objections to the report and recommendation, the defendant argues that the show-up was impermissibly suggestive because the witness was brought to the scene solely for the purpose of identifying the alleged perpetrator, because the defendant was the only suspect shown to the witness and because the defendant was in custody at the time of the identification. Assuming, without deciding, that the show-up method of identification used in this case was impermissibly suggestive, the identification here has sufficient indicia of reliability to satisfy the strictures of due process. The close proximity in time of the offense and the identification (approximately one half hour) and the witness's previous familiarity with the defendant (the witness and the defendant lived in the same apartment building) indicate that the witness's ability to make an accurate identification was not outweighed by any corrupting effect of the challenged show-up. Accordingly, the defendant's motion and amended motion to suppress out-of-court identification must be denied. This Court defers ruling, however, on the defendant's motion to suppress an in-court identification until the time of trial.

## V. Conclusion

After a de novo review of the defendant's motion and amended motion to suppress out-of-court identification and in-court identification, this Court concludes that the defendant's

objections are without merit.  Further, this Court finds that the recommendations of the magistrate judge as to the defendant's motion to suppress evidence of alleged threats of retaliation and the defendant's motion to suppress defendant's correspondence are without clear error.  Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  The defendant's motion to suppress evidence of alleged threats of retaliation and the defendant's motion to suppress defendant's correspondence are DENIED.  The defendant's motion to suppress out-of-court identification is DENIED.  This Court DEFERS ruling on the defendant's motion to suppress in-court identification until the time of trial.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    May 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE