IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Criminal Action No. 5:07CR40
                                        (STAMP)
ROOSEVELT SIMMONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Defendant, Roosevelt Simmons, was indicted on one count of being a "Felon in Possession of a Firearm."[1] The indictment alleges that the defendant, having been previously convicted of a felony, knowingly possessed, in and affecting commerce, certain ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 12, 2008, the defendant, by counsel, filed a motion to dismiss the indictment returned against him because the United States failed to comply with the February 13, 2008 scheduling order entered in this action. The defendant contends that the United States' failure to provide Rule 404(b), Giglio, Roviaro, and Jencks Act material by the May 6, 2008 deadline, or to provide proposed

---

[1] The heading under Count One of the indictment lists the offense as "Felon in Possession of a Firearm." However, the description of the offense in Count One indicates that the defendant was indicted for being a felon in possession of ammunition. Because the governing statute, 18 U.S.C. §§ 922(g)(1) and 924, applies to possession of a firearm or ammunition, this discrepancy is immaterial.

voir dire and jury instructions and motions in limine by the May 9, 2008 deadline prejudiced the defendant by prohibiting his counsel from adequately preparing for trial. The United States filed no responsive pleading and did not appear at the hearing on the motion, held before Magistrate Judge James E. Seibert on July 22, 2008.

The magistrate judge entered a report and recommendation on July 31, 2008, recommending that the motion to dismiss the indictment be denied. The magistrate judge found that because the trial was continued, any prejudice which may have resulted from the United States' late disclosures became moot. The report and recommendation advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to the proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. On August 11, 2008, the defendant filed objections pro se, even though the defendant is currently being represented by court-appointed counsel, Patricia Valentino Kutsch.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

In this case, the defendant filed objections to the report and recommendation. However, although the defendant has a Sixth Amendment right to be represented by an attorney, the defendant has no right to act as co-counsel. United States v. Tarantino, 846 F.2d 1384, 1420 (D.C. Cir. 1988), cert. denied, 488 U.S. 867 (1988). Whether to allow a defendant to assume some of his lawyer's functions, that is, to engage in "hybrid representation" is within the sound discretion of the judge. United States v. LaChance, 817 F.2d 1491 (11th Cir. 1987), cert. denied, 484 U.S. 928 (1987). Hybrid representation should be permitted only where a defendant has made a showing of some special reason for the defendant to act as co-counsel. United States v. West, 877 F.2d 281 (4th Cir. 1989), cert. denied, 493 U.S. 959 (1989). The defendant here has made no showing of a special need act as co-counsel in this matter. Accordingly, the defendant's objections will not be considered because they were filed by the defendant on his own behalf at a time when he was represented by counsel, and they are therefore impermissible hybrid objections. Therefore, this Court will review the report and recommendation for clear error.

### III. Discussion

At the time the motion to dismiss was filed, May 12, 2008, the trial in this matter was set to begin on May 20, 2008. The United

States had not provided Rule 404(b), Giglio, Roviaro disclosures, Jencks Act material, proposed voir dire and jury instructions, or motions in limine by the deadlines set forth in the Court's February 13, 2008 scheduling order. However, on May 19, 2008, the Court continued the trial until August 26, 2008. The magistrate judge found that any prejudice caused the United States' late disclosures became moot when the trial was continued. This Court finds no clear error in the magistrate judge's findings. Further, even if this Court were to consider the defendant's objections, they are overruled as without merit under a de novo standard of review. In light of the nearly three-month continuance of the defendant's trial, this Court concludes that the United States' failure to meet the disclosure deadlines set forth in the Court's February 13, 2008 scheduling order do not warrant the relief the defendant seeks.

Accordingly, it is ORDERED that the defendant's motion to dismiss the indictment be, and is hereby, DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   August 14, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE