**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROOSEVELT SIMMONS,**

      **Petitioner,**

**v.**                                                  **Civil Action No. 5:11cv57**
                                                        **Criminal Action No. 5:07cr40**
**UNITED STATES OF AMERICA,**          **(Judge Stamp)**

      **Respondent.**

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On April 8, 2011, the *pro se* petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Dkt. No. 206). On October 11, 2011, the petitioner filed his § 2255 motion on the court approved form. (Dkt. No. 222). The government filed its response on March 16, 2012. (Dkt. No. 237). On July 12, 2012, the petitioner was granted a motion for extension of time to file a response/reply. (Dkt. No. 248). Subsequently, the petitioner filed two similar replies to the respondent's response on July 25, 2012, and on August 1, 2012. (Dkt. Nos. 251 and 253). The petitioner also filed a motion for summary judgment on June 27, 2013. (Dkt. No. 261).

**II. FACTS**

**A.**     **Conviction and Sentence**

On December 4, 2007, a federal grand jury indicted the petitioner on one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Following a three day jury trial, the petitioner was convicted as charged on August 28, 2008. (Dkt. No. 170). On November 3, 2008, the petitioner was sentenced to imprisonment for a term of 120 months, to be followed by three years of supervised release. (Dkt. Nos. 178, 181).

1

**B.     Appeal**

The petitioner filed a notice of appeal on November 6, 2008. (Dkt. No. 183). In his appeal, the petitioner alleged the following errors:

1. The district court erred in excluding Mr. Simmons from the government-requested jury view of the apartment complex where the shooting allegedly took place because Special Agent Sirbaugh was permitted to point objects out to the jury, essentially transforming the procedure from a bare inspection of the alleged crime scene into an opportunity for Special Agent Sirbaugh to testify.

2. The district court erred in permitting identification testimony because the out-of-court identification of Mr. Simmons was unduly suggestive and unreliable and as a result, the in-court identification was likewise unreliable.

3. The district court erred in permitting evidence of gunshot residue on Mr. Simmons' hands where the evidence was taken without a warrant, and where no exigent circumstances existed because Mr. Simmons was in custody and handcuffed behind his back from the time of his arrest until the gunshot residue test was completed.

4. The district court erred in permitting evidence at Mr. Simmons' trial of the allegation that he possessed and discharged a firearm while in possession of ammunition as alleged in the indictment because the danger of prejudice outweighed the probative value of such evidence in view of the availability of other means of proving to whom the ammunition belonged.

5. The district court erred in increasing Mr. Simmons' base offense level from 20 to 24 pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing ammunition in connection with a felony offense of wanton endangerment and from 24 to 26 pursuant to U.S.S.G. § 3C1.1 for obstruction of justice where that conduct was neither admitted to by Mr. Simmons nor found by a jury.

Appeal: 08-5116, Dkt. 26, p. 8.

On May 27, 2010, in an unpublished *per curiam* opinion, the United States Court of Appeals for the Fourth Circuit affirmed the district court's decision. (Dkt. No. 197). The petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied. Simmons v, United States, 131 S.Ct. 368, WL No. 10-6081 (Oct. 4, 2010).

## C. Federal Habeas Corpus

The petitioner contends:

1) The evidence presented at his trial varied impermissibly from the allegation of his indictment of one-count possession of ammunition only.

2) The indictment was invalid.

3) Unconstitutional constructive amendment of the indictment.

4). The conviction was based on insufficient evidence.

5) The government failed to prove jurisdiction.

6) The District Court's six level enhancement violated his rights.

7) Prosecutorial misconduct.

8) Ineffective assistance of counsel.

The respondent maintains that:

1) With the exception of Claim 8, ineffective assistance of counsel, all of the claims are procedurally defaulted because they could have and should have been raised on appeal.

2) Claims 6, 7 and 8 should be denied because they are undeveloped and unsubstantiated.

3) Claims 1, 2, 3, 4 and 5 fail on their merits.

## D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit or procedurally barred.

## III. § 2255 Standard

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. <u>Wall v. Kholi</u>, ___ U.S. ___, 131 S.Ct. 1278, 1284-85 (2011). To succeed on such a motion, the movant must prove that the convictions or sentence was imposed in

violation of the law or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a § 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on a direct appeal of the judgment may not be raised again in a § 2255 motion.

Nonetheless, a § 2255 motion is not an alternative to filing a direct appeal. United States v. Frady, 456 U.S, 152, 165 (1982). Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477, n.10 (1976) *citing* Davis v. United States, 417 U.S. 333, 245-46 and n. 15 (1974); Sunal v. Large, 332 U.S. 174, 178-79 (1947)). Nonconstitutional claims that **could not** have been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice" Stone, 428 U.S. at 477 n.10 (1uoting Davids, 417 U.S. at 346; Hill v. United States, 368 U.S. 424, 428 (1972)) or is "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979).

Similarly, a constitutional error that could have been, but was not raised on appeal may not be raised for the first time in a § 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain the collateral attack. Massaro v. United States, 538 U.S. 500, 504 (1003)(citing Bousley v. United States, 523 U.S./ 615, 621-22 (1998)); Frad, 456 U.S. at 167-68; United States v. Mikalajuanas, 186 F.3d 490, 492-93 (4th Cir. 1999). To establish "actual prejudice," the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494, Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To demonstrate a miscarriage of justice, the movant must

4

prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him. Bousley, 523 U.S. at 621.Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

### IV. Analysis

**A. Variance and Constructive Amendment (Claims No. 1 & 2)**

On appeal, the petitioner argued that the United States should not have been allowed to present evidence that he had fired a gun in connection with a shooting. The Court of Appeals disposed of his argument as follows:

> Applying these standards, we have little difficulty concluding that the district court did not abuse it discretion in admitting the challenged evidence. First, the evidence of the shooting satisfied Rule 404(b) because it was intrinsic to the crime charged– it was part of the same series of transactions as the offense and helped to tell the story of the crime. In addition, such testimony does not run afoul of Rule 403 because, as intrinsic evidence, it was highly probative. The evidence that Simmons was seen with a gun immediately before a shooting occurred was damaging to Simmons's case, but that is not the standard under Rule 403 and such evidence was not unfairly prejudicial.

Simmons 380 Fed.Appx. At 331.

In his pending Motion to Vacate, the petitioner argues that the evidence at his trial varied impermissibly from the allegation of his indictment. More specifically, in claim one, he alleges that the Government introduced evidence that he possessed, carried and used a firearm, when the indictment charged him with possession of ammunition. In addition, in claim two, he alleges that there was an unconstitutional constructive amendment of the indictment. In support of this claim, the petitioner again argues that the trial court permitted the Government to present evidence that he possessed, carried and used a firearm, when the indictment charged him with possession of ammunition.

5

The petitioner appears to be restating grounds already raised on appeal and dismissed as noted above. A claim decided on direct review cannot ordinarily be brought again in a § 2255 motion unless the petitioner can show an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1283 (4th Cir. 1976). The petitioner argues that such a change is reflected in United States v. O'Brien, 560 U.S. 218 (2010). The petitioner argues that O'Brien precludes the use of a firearm as evidence without the indictment specifically mentioning a firearm. *See generally* Docs. 222-1, 261. However, at issue in that case was "whether the fact that a firearm was a machine gun is an element to be proved to the jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. O'Brien at 21-74-2180. This issue has nothing to do with the use of evidence concerning a firearm in relation to an indictment about possession of ammunition, and it is the opinion of the undersigned that it is not sufficient to qualify as an intervening change in law. Accordingly, petitioner's claims one and two are subject to dismissal because they have been decided on appeal. Moreover, even if properly raised in this § 2255, they fail to state a claim for reversal of conviction.

A variance occurs when the evidence presented at trial differs materially from the facts alleged in the indictment. United States v. Bollin, 264 F.3d 391, 405 (4th Cir. 2001). Only when the evidence presented at trial changes the elements of the crime charged, such that the defendant is convicted of a crime other than that charged in the indictment, does a variance amount to a constructive amendment of the indictment. United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). A constructive amendment occurs when the United States, through its presentation of evidence and/or its argument, or when the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment. Id., *see also*, United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991).

In this case, the evidence of the defendant's possession and use of a firearm served only to help prove that the petitioner possessed the ammunition contained in the firearm. Therefore, it was not evidence of a different crime, i.e., possession of a firearm, but rather evidence of the crime charged, i.e.,

6

possession of ammunition.  See e.g., United States v. Harvey, 159 Fed.Appx. 451 455-56, 2005 WL 3326787 (4th Cir. Dec. 8, 2005) (unpublished). Accordingly, there was no variance. See e.g., United States v. Taylor, 2006 WL 1069545 (8th Cir. Apr. 24, 2006)(unpublished).  Moreover, because the essential elements of the Felon in Possession of Ammunition were not altered, either actually or in effect, there was no constructive amendment.

Finally, it should be noted that the District Court specifically addressed a motion for a mistrial regarding the use of evidence of the discharge of the firearm at trial.

**B. Sufficiency of Evidence (Claim No. 3)**

The petitioner alleges that the evidence presented was insufficient to convict him because the United States Failed to produce the firearm used in the shooting.  More specifically, he claims that:

> [i]n this case, the Government needed a (firearm-gun) to produce the evidence showing ownership, dominion, or control over the (gun) that they say contained the contraband.

Dckt. No. 222-1, p. 21. The petitioner appears to be arguing that the United States could not prove that he possessed the ammunition because it was not able to introduce into evidence the gun that contained the ammunition. However, the United States was not required to introduce the firearm that fired the ammunition.  The government only needed to show that the petitioner possessed the ammunition, and they clearly did so.

**C. Lack of Jurisdiction (Claim No. 4)**

This claim appears to be related to the petitioner's claims regarding variance and constructive amendment.  Although not entirely clear, the petitioner apparently claims that because the United States constructively amended the charge to make the case about possession of a firearm, it should have been required to prove that the firearm moved in interstate commerce. See Dckt. 221-1, p. 24.  The petitioner argues that the United States did not, and could not, prove this because it did not have the gun. However, the petitioner was charged with possession of ammunition, and the jury was so instructed.  The United

States established that the ammunition traveled in interstate commerce. Dckt. 191, pp. 211, 217, 219. Accordingly, the interstate nexus was established.

**D. Invalid Indictment Claim No. 5)**

Under this ground, the petitioner alleges that because the Indictment does not bear the signature of the United States Attorney, it is void and invalid. In support of this allegation, the petitioner cites Rules 7(c) of the Federal Rules of Criminal Procedure which states that the "indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." The petitioner has attached a copy of his Indictment which contains an "/s/" in place of the actual signature of the United States Attorney. Dckt. No. 222-4. While the petitioner is correct that his copy bears the /s/ for both the Grand Jury Foreperson and the United States Attorney, the original, which is kept in the Clerk's office, bears the actual signatures. A redacted copy is placed on the docket sheet to protect the identity of the foreperson. Therefore the indictment is valid.

**E. Sentence Enhancement Claim No. 6**

On Appeal, the petitioner contended that the district court committed reversible error in sentencing him. Specifically, he argued that it violates the Sixth Amendment to impose sentencing enhancements even under the advisory Guidelines scheme and even if the resulting sentence is below the statutory maximum. However, the petitioner conceded that his argument was foreclosed by Booker v. United States, 543 U.S. 220 (2005), but contended that Booker was wrongly decided. However, because Booker remains binding law, the Fourth Circuit rejected the petitioner's argument regarding his sentence.

Aside from noting that the district court's six level enhancement violated his rights, the petitioner makes no further comment about this ground in his § 2255 motion. However, on April 18, 2014, he filed a supplemental memorandum in support of his § 2255 motion. (Dckt. 263). In his supplemental memorandum, the petitioner raises the decision issued in Alleyne v. United States, 133 S.Ct. 2151 (2013).

Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the

8

Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); *see also* In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013) Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013)( all finding that Alleyne does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. *See e.g.,* Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013). Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory **maximum** must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

Finally, Alleyne would appear not to apply to the petitioner's case in any event. The petitioner was convicted for a violation of 18 U.S.C. § 922(g). The penalties for a violation of § 922(g) do not contain a mandatory minimum, and provide for a maximum of ten years. There being no statutory minimum to exceed, the petitioner's reliance on Alleyne is misplaced.

**F. Prosecutorial Misconduct/Ineffective Assistance of Counsel Claim Nos. 7 & 8**

On the last page of his 25 page memorandum of law, the petitioner notes that his allegation of prosecutorial misconduct and ineffective assistance of counsel are implicit within pages 1-25 of his memorandum. To the extent that the petitioner relies on his other claims to support his claim of prosecutorial misconduct and ineffective assistance of counsel, the same must fail. As noted above, each of the petitioner's first six grounds fail to state a claim that warrants an award of habeas relief. Therefore,

9

they cannot provide support for a bald allegation of either prosecutorial misconduct or ineffective assistance of counsel.

Moreover "[a] motion brought collaterally attacking a petitioner's sentence brought pursuant to a § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, *2 (E.D. Va. Jan. 4, 2006)(unpublished). The burden of proof is on the petitioner to prove the allegations and on the United States to disprove them. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim may have merit."): Abdul-Aziz v. United States, 2008 WL 4238943, *5, fn. 4 (N.D.W.Va.)(Sept. 12, 2008)(unpublished). In the instant petition, there is no evidence whatsoever that supports his claims of prosecutorial misconduct or ineffective assistance of counsel.

### V. Recommendation

Based upon a review of the record, the undersigned recommends that

1. The petitioner's § 2255 Motion (Dkt. No. 222) be **DENIED AND DISMISSED**;

2. The petitioners Motion for Summary Judgment (Dkt No. 261) be **DENIED;**

3. The petitioner's Motion to expedite a decision on "Injunction Order for Monetary Purpose" (Dkt. No. 241) be **DENIED** because it seeks relief that must be obtained in a Bivens or § 2241 action filed in the District Court having jurisdiction over USP Canaan;[1] and

4. The petitioner's Motion requesting that the Court send him Notice of its rulings by registered or certified mail (Dkt. No. 258) be **GRANTED** because the practice of this Court is to send all orders to incarcerated individual by certified mail, return receipt requested.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

---

[1]The petitioner is complaining about encumbrances placed on his prisoner trust account as well, perhaps, as being placed in refusal status in the Inmate Financial Responsibility Program.

recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: May 1, 2014

S/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE