IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROOSEVELT SIMMONS,

    Petitioner,

v.                                  Civil Action No. 5:11CV57
                                  (Criminal Action No. 5:07CR40-01)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE DISMISSING PETITION**

I. Procedural History

On April 11, 2011, Roosevelt Simmons ("Simmons") filed a pro se[1] petition requesting that this Court vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner challenges the validity of a sentence imposed upon him in this Court, which followed a jury trial in which the petitioner was found guilty of one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The petitioner was sentenced to a term of 120 months imprisonment.

Following his sentencing, the petitioner appealed to the United States Court of Appeals for the Fourth Circuit. On appeal, the petitioner contested several evidentiary rulings by the trial

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

court and the sentencing enhancements he received for possessing ammunition in connection with a felony offense of wanton endangerment and for obstruction of justice. The Fourth Circuit affirmed the district court. A subsequent petition for a writ of certiorari to the United States Supreme Court was also denied.

After filing his petition, the petitioner filed a motion for summary judgment, a motion to expedite a decision on "injunction order for monetary purpose," and a motion requesting that this Court send him notice of its rulings by registered or certified mail.

The current petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull entered a report recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice, his motion for summary judgment be denied, his motion to expedite a decision be denied, and his motion requesting notice be granted. The petitioner timely filed objections reiterating his previous contentions but also asserting, for the first time, allegations to support his ineffective assistance of counsel claim.

## II. Facts

The petitioner makes several arguments in his petition:

(1) the evidence at trial varied impermissibly from the indictment;
(2) the indictment was amended without Grand Jury review and thus was unconstitutional;

>    (3)  the indictment was invalid because it was not signed by the United States Attorney;
>    (4)  the conviction was based on insufficient evidence;
>    (5)  the government failed to prove jurisdiction;
>    (6)  this Court's six level enhancement violated his constitutional rights pursuant to Alleyne;[2]
>    (7)  prosecutorial misconduct; and
>    (8)  ineffective assistance of counsel.

In its response to the petition, the government contends that all of the petitioner's claims are defaulted except for his ineffective assistance of counsel claim because they should have been raised on appeal. Further, the government argues that the petitioner's Claim Nos. 5, 6, and 7 are undeveloped and unsubstantiated. Finally, the government asserts that Claim Nos. 1-4 and 8 lack merit.

The magistrate judge disposed of the petitioner's claims in order. First, the magistrate judge found that Claim Nos. 1 and 2 had already been considered on direct appeal, that the petitioner was only labeling them as new arguments and, thus, those claims were procedurally barred. Further, even if properly raised, the magistrate judge found that they failed to state a claim for reversal of conviction because the evidence that the petitioner had a gun did not vary impermissibly from the allegations of the indictment. The magistrate judge reasoned that the firearm evidence was used to prove the crime of conviction, that the petitioner was in possession of the ammunition in the gun. As to

---

[2]Alleyne, v. United States, 133 S. Ct. 2151 (2013).

Claim No. 3, the magistrate judge found that this claim was without merit because although the indictment on the docket report was not signed, the original which is not put on the docket, did bear the actual signatures of the United States Attorney.

The magistrate judge then found, as to Claim No. 4, that the government did not need to produce the gun as evidence to prove possession of the ammunition and thus this argument failed. For petitioner's Claim No. 5, the magistrate judge found that the government did not need to prove that the gun moved in interstate commerce but only that the ammunition did based on the charge in the indictment and that the government did so.

Further, as to Claim No. 6, the magistrate judge found that the petitioner's <u>Alleyne</u> argument fails because <u>Alleyne</u> has not been found to be retroactive. Further, there is no statutory minimum to exceed under the petitioner's conviction; thus, <u>Alleyne</u> would not be applicable to the underlying crime of conviction. Finally, as to the petitioner's last two claims, the magistrate judge found that those fail because the petitioner based them on his first six claims. Because the first six claims fail, the magistrate judge found that the last two claims must necessarily fail also. Based on the above, the magistrate judge denied the petitioner's motion for summary judgment and dismissed the § 2255 petition. Further, the magistrate judge denied the petitioner's motion to expedite a decision on an injunction order for monetary

purpose because such relief must be sought under a Bivens³ or § 2241 action in a court that has jurisdiction over United States Penitentiary Canaan ("USP Canaan") which is in Pennsylvania.

In his objections, the petitioner argues for the first time that his ineffective assistance of counsel claim is valid because neither his original counsel, Brendan S. Leary ("Leary"), nor his replacement counsel, Patricia V. Kutsch ("Kutsch"), filed a § 2255 petition as directed by the petitioner. Additionally, the petitioner asserts that he had sought new counsel with both (successfully as to Leary and unsuccessfully as to Kutsch). Further, the petitioner contends that he requested that Kutsch file objections that there was a fatal variance between the evidence and the indictment and that the government had made a constructive amendment to the indictment. Instead of filing those objections, he asserts that Kutsch filed a motion to continue the trial and motion for a competency evaluation. The petitioner asserts that he has been unfairly prejudiced by the ineffective assistance of counsel because the magistrate judge has now found his arguments as to a fatal variance and the constructive amendment by the government to be either procedurally barred or dismissed without merit.

---

³Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). These types of actions are filed by a person who contends that his civil rights have been violated by a federal actor. Monetary relief may be sought in such actions under certain circumstances.

Further, the petitioner reiterates his argument that the indictment did not inform him of the crime charged nor was there sufficient evidence. Finally, in support of his remaining claims, the petitioner directs this Court to refer to the underlying petition and the petitioner's reply to the government's response.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 petition must be denied and dismissed with prejudice.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

A. Objections Based on Claim Nos. 1 Through 7

In his objections to the magistrate judge's report and recommendation, the petitioner focuses on supporting his ineffective assistance of counsel claim. However, as to the

magistrate judge's findings on his other claims, the petitioner either reiterates his previous arguments or refers the Court to review his previous filings.

1. Claim Nos. 1 and 2

In his petition and in his objections, the petitioner cites United States v. O'Brien, 560 U.S. 218 (2010), for his argument that the use of a firearm as evidence may not be used where the indictment does not specifically mention a firearm. As stated previously, the magistrate judge found that the petitioner's Claim Nos. 1 and 2 were procedurally barred as he had argued those claims on direct appeal. The magistrate judge found that this argument had already been made on appeal as a challenge to the evidence offered at trial and that O'Brien did not qualify as an intervening change in the law. Further, the magistrate judge found that even if Claim Nos. 1 and 2 were not barred, they lacked merit.

The petitioner argues that the evidence used at trial, that the petitioner had a gun during the shooting, varied fatally from the indictment charging him as a felon in possession of ammunition. However, "not all differences between an indictment and the proof offered at trial, rise to the 'fatal' level of a constructive amendment. When different evidence is presented at trial but the evidence does not alter the crime charged in the indictment, a mere variance occurs." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). As the magistrate judge noted, the government used the

evidence of the petitioner's possession of a gun to prove that he was in possession of the ammunition used in the gun. Thus, the gun evidence was used to prove the crime charged in the indictment. As such, even if not procedurally barred, these claims lack merit and the magistrate judge's recommendation to dismiss these claims is adopted.

    2.   <u>Claim No. 3</u>

In his petition, the petitioner argues that because the indictment does not bear the actual signature of the United States Attorney, it is void and invalid pursuant to Rule 7(c) of the Federal Rules of Civil Procedure which requires that an indictment be signed by the United States Attorney. However, this argument is without merit, as the magistrate judge noted, because the original indictment was signed by the United States Attorney and is filed in the Clerk's Office rather than in the docket report for this action. Therefore, the magistrate judge's recommendation is upheld and this claim is dismissed.

    3.   <u>Claim No. 4</u>

The petitioner asserts that there was insufficient evidence to convict him because the government was unable to produce the gun that was used in the underlying shooting which was the basis for the crime charged in the indictment. The following elements had to be proven by the government beyond a reasonable doubt: (1) that the petitioner was a person who had been convicted in any court of a

crime punishable by imprisonment for a term exceeding one year; (2) that petitioner did knowingly possess the ammunition listed in the indictment; (3) that the possession was in or affecting interstate commerce; and (4) that the petitioner's rights to possess ammunition had not been restored or reinstated. 18 U.S.C. § 922(g)(1). Thus, as the magistrate judge noted, the government did not need to prove that the petitioner possessed the gun. As such, the petitioner's objections as to this claim are overruled.

    3.   <u>Claim No. 5</u>

This claim is made in conjunction with Claim Nos. 1 through 4. The petitioner asserts that the government was required to show that the gun moved in interstate commerce and that because it did not, this Court lacked jurisdiction. However, again to reiterate, the petitioner was not charged with being a felon in possession of a firearm. Rather, the firearm evidence was only used to show that the petitioner possessed the ammunition underlying the crime charged in the indictment. For the same reasons above, the Court must uphold the magistrate judge's recommendation as the government did not have the burden to show the elements required for a person who was charged with the crime of felon in possession of a firearm.

    4.   <u>Claim No. 6</u>

The petitioner contends that this Court incorrectly sentenced him pursuant to <u>Alleyne</u> by applying sentencing enhancements which increased his term of incarceration. In <u>Alleyne</u>, the United States

9

Supreme Court held that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the Seventh and Tenth Circuits, because Alleyne is merely an extension of Apprendi, and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, this implies that Alleyne is also not to be retroactively applied. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013).

This Court agrees with such reasoning, and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure, as described in O'Dell v. Netherland, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that Alleyne should not be retroactively applied because it is a mere extension of Apprendi. See United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa,

10

No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United States v. Stanley, No. 09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

Thus, based on the above, this Court has held and holds in this action that Alleyne is not to be applied retroactively. Further, as the magistrate judge noted, the petitioner's crime of conviction is not one that contains a mandatory minimum; thus, it appears that Alleyne would not be applicable even if did have a retroactive effect. See 18 U.S.C. § 922(g)(1) (providing a statutory maximum of ten years but not a statutory minimum).

5.  Claim No. 7

The magistrate judge found that both Claim Nos. 7 and 8 were unfounded as the petitioner merely incorporated his arguments for his other claims as the basis for support of his allegations of prosecutorial misconduct and ineffective assistance of counsel. Thus, because the other claims were dismissed, Claim Nos. 7 and 8 were dismissed as well. However, the petitioner has now provided support for his ineffective assistance of counsel claim that was not provided in his petition or in any of his other filings. As such, this Court finds that the magistrate judge's finding is upheld as to Claim No. 7 for the reasons cited in the report and recommendation. The petitioner's ineffective assistance of counsel

claim, based on the petitioner's new arguments, will be addressed below.

B. <u>Objection Raising New Ineffective Assistance of Counsel Argument</u>

As stated previously, the petitioner for the first time provided support for his claim for ineffective assistance of counsel. The petitioner argues that neither Leary, his original counsel, nor Kutsch, his replacement counsel, filed a § 2255 petition as requested by him. Further, the petitioner contends that Kutsch did not file the pretrial objections that he had requested she file which dealt with his contentions as to the validity of the indictment and evidence being offered by the government which varied from the indictment.

When a petitioner provides a claim for the first time after a report and recommendation has been entered, courts have several options. This Court has dismissed a claim without prejudice with leave to be brought in another action, without reviewing the claim's merit. <u>Saunders v. United States</u>, Civil Action No. 5:11CV161, 2013 WL 4758946, *3 (N.D. W. Va. Sept. 4, 2013). In the alternative, this Court has also remanded the claim to the magistrate judge for consideration and for the issuance of another report and recommendation. <u>King v. United States</u>, Civil Action No. 5:03CV119, 2006 WL 1303096, *4 (N.D. W. Va. May 10, 2006). Other courts have considered the new claim, along with the petitioner's other objections, although first raised in the petitioner's

objections.  Brazil v. Curry, CIV 07CV0082 L(RBB), 2008 WL 4610230 (S.D. Cal. Oct. 16, 2008).  Finally, a court may find that the petitioner waived his right to bring the claim because he did not raise the issue in his petition and thus, the magistrate judge did not have the opportunity to review the claim.  Quang Van Nguyen v. Wenerowicz, 12CV06631, 2013 WL 6473264 (E.D. Pa. Dec. 10, 2013), reconsideration denied, 12-CV-06631, 2014 WL 1415331 (E.D. Pa. Apr. 14, 2014) (basing its decision on a local rule of the district); Grayson v. Stevenson, CIV.A. 9:08CV1888RBH, 2008 WL 5136226 (D.S.C. Dec. 5, 2008) (citing the following social security decisions holding the same: Marshall v. Charter, 75 F.3d 1421, 1426 (10th Cir. 1996); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)).

In this case, the petitioner argued his ineffective assistance of counsel claim in his petition but did not provide support for it other than those arguments offered as the basis for his other claims.  Thus, the magistrate judge did not have the opportunity to review the petitioner's assertions as to why he was prejudiced by any actions of his attorneys in the underlying criminal action. This Court finds that in this instance, the petitioner waived his opportunity to provide support for his ineffective assistance of counsel claim.  The petitioner clearly was aware of the information that he has asserted as support for this claim at the time that he

filed his petition but made a tactical decision to rely on his other arguments as support for this claim.  Thus, the magistrate judge's finding stands as it was based on the information the magistrate judge was given at that time and the information provided by the petitioner up to that point.

However, if this Court were to consider the petitioner's ineffective assistance of counsel claim, it would be without merit. This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel.  Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).

First, the actions by Leary cannot be used as support for the petitioner's claim that a § 2255 petition was not filed as Leary was no longer the petitioner's attorney at the time that a § 2255 petition could have been filed.  Thus, it has not been shown that Leary's performance fell below an objective standard.

As to Kutsch, the petitioner has not shown that her performance fell below an objective standard.  The petitioner had previously filed a motion for appointment of counsel and the magistrate judge found that because this case would likely not require discovery or an evidentiary hearing, the petitioner was not

entitled to appointment of counsel. ECF No. 235. Further, as to prejudice, the petitioner filed a letter with the Clerk of Court requesting a § 2255 application and then later filed a letter with the Clerk of Court asking questions about filing such a petition. ECF Nos. 202 and 204. Thereafter, he filed a timely petition. Thus, it appears to the Court that Kutsch had fulfilled her duties and that counsel was not constitutionally required in this action. Furthermore, even if Kutsch's performance fell below objective standards, the petitioner was not prejudiced as he was able to file a timely petition and has been able to request information from the Clerk of Court to successfully file a petition that meets requirements of the Local Rules.

The petitioner also contends that he requested new counsel which provides evidence that his counsel was inadequate. This Court granted the petitioner's motion for new counsel as to Leary and thus the petitioner was not prejudiced. ECF No. 36. This Court, however, denied the petitioner's motion as to Kutsch finding that communication had not broken down but rather that the petitioner was attempting to frustrate his prosecution. ECF Nos. 66; 101. The petitioner provides no evidence that those decisions were incorrectly held but rather cursorily argues that those motions are proof that his counsel was ineffective. As this argument lacks substance, this Court finds that the petitioner has

not shown that Kutsch's performance fell below an objective standard.

Finally, the petitioner argues that Kutsch did not file objections relating to the validity of the indictment that he requested she file. Kutsch, however, did file several motions in the underlying criminal action including several motions in limine (ECF Nos. 82-85; 142; 150), a motion to dismiss the indictment (unrelated to the actual validity of the indictment) (ECF No. 95), motion for a psychiatric evaluation to determine competency (ECF No. 70), a second motion to dismiss the indictment (ECF No. 124), an oral motion for mistrial, and an oral motion for acquittal. Thus, Kutsch's decision to not file the motions suggested by the petitioner appears to be a decision based on strategy rather than one based on ignoring the petitioner's preferences.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. In this case the alleged omission by Kutsch, if there was such a request by the petitioner, was not unreasonable. As explained above, the petitioner's contentions as to the validity of the indictment are without merit which is likely the reason why

Kutsch did not bring such motions. Thus, the petitioner cannot show that the first requirement of Strickland's two-prong test has been met. Accordingly, the petitioner's claim as to ineffective assistance of counsel must be dismissed.

C. Other Motions

The petitioner's objections do not refer to his other motions that were pending at the time the report and recommendation was entered; thus, the magistrate judge's findings as to those motions must be upheld unless clearly erroneous. As the petitioner's arguments above have been upheld, this Court finds that the magistrate judge's finding denying the petitioner's motion for summary judgment should be upheld. The petitioner makes similar arguments in his motion for summary judgment and thus he cannot support such a motion. Further, as to petitioner's motion to expedite a decision, the magistrate judge's denial of that motion is also not clearly erroneous. As the magistrate judge noted, monetary relief must be sought in a Bivens or § 2241 action and such an action must be filed in the district court having jurisdiction over USP Canaan where the prisoner is housed because his complaints arise from his incarceration at that facility.

Finally, the respondent did not object to the magistrate judge's finding granting the petitioner's motion to be provided notice by registered or certified mail. As this is the practice of

17

this Court, the Court finds that this finding was not clearly erroneous and thus the petitioner's motion should be granted.

V. Conclusion

Based upon a de novo review, the magistrate judge's ruling is hereby AFFIRMED AND ADOPTED in its entirety and the petitioner's objections are hereby OVERRULED. Additionally, the petitioner's motion for summary judgment (ECF No. 261) is DENIED, the petitioner's motion to expedite a decision on injunction order for monetary purpose (ECF No. 241) is DENIED; and the petitioner's motion for notice by registered or certified mail (ECF No. 258) is GRANTED. Further, this civil action is DISMISSED WITH PREJUDICE. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the

18

constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

DATED:    May 28, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE